UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN FLACK, | ) | CASE NO. 4:23-cv-803 |
| | ) | |
| | ) | JUDGE CHARLES E. FLEMING |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| IMPERIAL ALUMINUM – MINERVA LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Currently pending before the Court are two motions: (i) Defendant Imperial Aluminum – Minerva LLC's Motion to Dismiss Plaintiff's Complaint (ECF No. 5); and (ii) Plaintiff Steven Flack's Motion for Adoption of Initial Protocols for Employment Cases ("Motion to Adopt") (ECF No. 8). For the reasons that follow, the court **DENIES** the pending motions.

## I. Procedural History

On April 19, 2023, Plaintiff filed a complaint alleging that Defendant had terminated Plaintiff's employment because he had accumulated too many absences from work and this termination constituted: (i) interference with Plaintiff's rights under the Family and Medical Leave Act ("FMLA"), in violation of 29 U.S.C. §2615(a)(1); and (ii) retaliation against Plaintiff for having exercised his FMLA rights, in violation of 29 U.S.C. §2615(a)(2). (ECF No. 1, PageID #2–4).

On May 12, 2023, Defendant filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 10(b). (ECF No. 5). Defendant argues that the complaint does not comply with Rule 10(b) and constitutes "shotgun pleading" because it asserts two distinct FMLA claims (interference/enjoyment and retaliation) under a single count. (*Id.* at PageID #3–

4). Defendant requests that the Court dismiss the complaint so that Plaintiff can submit an amended complaint that complies with Rule 10(b). (*Id.* at PageID #4).

On May 25, 2023, Plaintiff submitted three filings. First, he filed an opposition to the motion to dismiss, arguing that the FMLA interference and retaliation claims are sufficiently stated to allow Defendant to identify the separate claims and file a dispositive motion. (ECF No. 6 at PageID #2–4). Second, he filed an amended complaint. (ECF No. 7). Finally, he filed the Motion to Adopt, requesting that the Court "adopt Federal Judicial Center's Initial Discovery Protocols For Employment Cases Alleging Adverse Action in this case in lieu of the Rule 26 Disclosures." (ECF Doc. 8, PageID #1).

## II.    Analysis

### A.    Motion to Dismiss

Plaintiff's amended complaint was timely filed as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."). "It is well-settled that motions to dismiss are rendered moot upon the filing of an amended complaint." *Doe v. Oberlin Coll.*, No. 1:17cv1335, 2018 U.S. Dist. LEXIS 237046, at *6 (N.D. Ohio Feb. 23, 2018) (citing cases); *see also Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021) ("The general rule is that filing an amended complaint moots pending motions to dismiss."); *Helms v. Aramark Corr. Servs.*, No. 3:22-cv-1557, 2022 U.S. Dist. LEXIS 231412, at *2 (N.D. Ohio Dec. 21, 2022) (citing *Doe*, 2018 U.S. Dist. LEXIS 237046, at *6). Because Plaintiff has filed an amended complaint, the Court **DENIES** Defendant's motion to dismiss (ECF No. 5) as moot.

Alternatively, the Court would deny the motion to dismiss on the merits. The Sixth Circuit

"has not explicitly addressed whether failure to separately state counts provides grounds for a court to . . . dismiss the claim." *Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 n.2 (6th Cir. 2013). But it has noted that "the separation of claims into separate counts is mandatory only if more than one claim has been joined in a complaint and separation will facilitate clear presentation." *See id.* (citing *Northwest Airlines, Inc. v. Gleen L. Martin Co.*, 9 F.R.D. 551, 552 (N.D. Ohio 1949)). In practice, "courts are reluctant to dismiss colorable claims which have not had the benefit of factual discovery." *Evans-Marshall v. Bd. of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005) (*citing Conley v. Gibson*, 355 U.S. 41, 48, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Here, the pleadings are sufficiently clear for Defendant to have independently recognized that Plaintiff is asserting two, distinct FMLA claims without their separation into independent counts. Thus, in light of Sixth Circuit precedent, the Court would deny the motion to dismiss on the merits if it had not been rendered moot.

**B.  Motion to Adopt**

The Court considers the Plaintiff's Motion to Adopt as premature, given the procedural posture of this case – before the filing of an answer, initial disclosures, and a case management conference. Thus, the Court **DENIES** the Motion to Adopt (ECF No. 8) without prejudice to its filing at a later, more appropriate, date.

### IV.  Conclusion

The Court **DENIES** Defendant Imperial Aluminum – Minerva LLC's Motion to Dismiss Plaintiff's Complaint (ECF No. 5) as moot. Plaintiff Steven Flack's Motion to Adopt (ECF No. 8) is **DENIED WITHOUT PREJUDICE**. The Court **ORDERS** Defendant Imperial Aluminum – Minerva LLC to respond to Plaintiff's amended complaint (ECF No. 7) within fourteen days of the issuance of this decision.

**IT IS SO ORDERED**.

Dated: March 28, 2024

**HONORABLE CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**